■ Lillian Spiegelberg et al., Respondents, v Aramis Gomez, as Commissioner of the Department of Relocation and Housing Maintenance, et al., Appellants.—Judgment, Supreme Court, New York County, entered October 18, 1976, adjudicating that respondents are without authority to raise rents as to title vesting tenants and enjoining respondents, is unanimously reversed to the extent appealed from, on the law, and the petition dismissed, without costs and without disbursements. Petitioners in this article 78 proceeding are residential tenants of premises which have been condemned by the city under exercise of power of eminent domain on various dates between 1963 to 1970. Petitioners contend that the city is without authority to increase their rents above the rents paid at the time of title vesting. They based this contention on the language of subdivision b of section B15-37.0 of the New York City Administrative Code, which provides that persons in possession of condemned premises at the time of vesting title "shall at the option of the city become tenants at will of such city and shall, unless the parties otherwise agree in writing, pay the same rent in effect immediately prior to vesting of title". Petitioners contend that this constitutes a statutory rent fixing and that there is no authority under existing law to change that rent even though years have elapsed since the title vesting. We do not think that this is a reasonable interpretation of the statute. The legislative history indicates that the purpose of this enactment was to fix a rent payable to the city immediately upon vesting so as to avoid an hiatus period during which tenants would remain in possession with no provision as to what, if any, rent they should pay until after a court had fixed reasonable value of use and occupancy. Experience had demonstrated that this hiatus had caused substantial loss of rental to the city. The statute obviously did not contemplate the present situation where, because of the city's fiscal crisis, the contemplated public use of the condemned property has had to be indefinitely postponed and tenants have been in possession for 7 to 14 years. In our view, the reasonable interpretation of the statute is merely that the rent payable before vesting shall continue until such time

as it is changed, and that there shall be no hiatus in the amount or the existence of the rental obligation because of the title vesting, and we so interpret the statute. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.